UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN W. FISHER,<br><br>Defendant. | Case No. 17MJ-452-JPD-RSL<br><br>ORDER GRANTING UNITED STATES' MOTION TO REVIEW ORDER OF RELEASE AND ORDER OF DETENTION |

This matter comes before the Court on "United States' Motion to Review Order of Release." Dkt. # 11. On October 31, 2017, defendant Steven Fisher appeared at a detention hearing before the Honorable James P. Donohue, Chief Magistrate Judge for the Western District of Washington. Judge Donohue ordered that the defendant be released subject to an Appearance Bond. The government now asks this Court to reverse and revoke the release order. Having reviewed the audio recording from the detention hearing, the Appearance Bond, the memoranda submitted by the parties, and the complaint against the defendant, the Court GRANTS the government's motion.

ORDER GRANTING UNITED
STATES' MOTION TO REVIEW
ORDER OF RELEASE AND
ORDER OF DETENTION - 1

The Court shall detain a defendant pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). The government bears the burden of showing that the defendant poses a danger to the community by clear and convincing evidence and that the defendant is a flight risk by a preponderance of the evidence. United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). This Court reviews *de novo* Judge Donohue's release order. See United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990).

In support of its motion, the government offers several pieces of evidence. First, the government points to information contained in the complaint. The complaint alleges that defendant impersonated a federal officer on multiple occasions, and on one of these occasions he stole $ 130,000 from a business and locked the employee in a room at gunpoint. After defendant was arrested, the police recovered a handgun, handcuffs, and fake FBI credentials. The government additionally proffered the following at the detention hearing: 1) that defendant had connections with the Mexican mafia, and he attempted to use those connections to commit additional robberies; 2) that one of defendant's motives in committing the robberies was to murder his ex-wife and her mother; and 3) that defendant had access to large amounts of money from unknown sources that he might have laundered through casinos.

After considering this evidence, the Court finds that the government has met its burden.[1] Even setting aside some of the additional evidence offered by the government at the hearing (e.g. the Court does not consider rumors about ties to the Mexican mafia), the crimes that defendant is accused of are very serious. These crimes involve fraud, deceit, and potential violence, all of which support a finding that defendant is both a flight risk and a danger to the community. Additionally, the evidence against defendant is strong. Finally, even though defendant's criminal history is minimal, there is some indication of prior issues with mental health and/or substance abuse, which further supports detention pending trial.

For all of the foregoing reasons, the government's motion (Dkt. # 11) is GRANTED. There are no conditions of release that will ensure either the safety of the community or the defendant's appearance for further court proceedings.

DATED this 7th day of November, 2017.

_____
Robert S. Lasnik
United States District Judge

---

[1] The Court considers the following factors in making this determination: "(1) the nature and circumstances of the offense charged . . . (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

ORDER GRANTING UNITED
STATES' MOTION TO REVIEW
ORDER OF RELEASE AND
ORDER OF DETENTION - 3