HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 17-282JLR |
| Plaintiff, | ) ) ) | DEFENDANT'S SENTENCING MEMORANDUM |
| vs. | ) ) | |
| STEVEN FISHER, | ) ) | |
| Defendant. | ) ) | |

Steven Fisher, by his attorneys, Assistant Federal Public Defenders Nancy Tenney and Sara Brin, submit this memorandum for consideration at the sentencing hearing set for December 3, 2018, at 9:30 a.m. At that hearing, Mr. Fisher will request the Court impose a sentence of 36 months of imprisonment and 3 years of supervised release.

## I. BACKGROUND

Mr. Fisher is a 43-year-old man who has lived his entire life in the greater Seattle area. He was primarily raised by his mother after his parents divorced when he was 10 years old, and their close bond is a foundation of his life. Unfortunately, Mr. Fisher never developed the same closeness with his father, whom he saw on alternating weekends but was emotionally distant and at times physically abusive. Mr. Fisher's mother remarried and eventually Mr. Fisher came to accept his step-father as a positive male role model.

DEFENDANT'S SENTENCING
MEMORANDUM - 1
(*Steven Fisher;* CR 17-282JLR)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Mr. Fisher did well in high school, and following graduation attended approximately three years of community college before beginning a career in facility management. Mr. Fisher was an intelligent and highly-capable employee, and was responsible for maintaining various large buildings at prestigious companies, including Microsoft, Boeing, and the current federal courthouse in Seattle.

In 2004, Mr. Fisher married his now ex-wife, Teresa Fisher. His ex-wife had a daughter from a previous relationship, Katherine, and the Fishers soon had two daughters together, S. and G. Mr. Fisher thrived in his role as a father and spent as much time as possible with all of his daughters. Unfortunately, Mr. Fisher's step-daughter suffers from Bi-Polar disorder and is highly unstable. Over time, her behavioral issues caused tremendous stress and ultimately discord between Mr. Fisher and his former wife.

After years of attempting to salvage his marriage, in 2015 Mr. Fisher separated from his wife and began divorce proceedings. Mr. Fisher remained in the family home and his ex-wife took the daughters to Marysville where Mr. Fisher initially was able to visit regularly. As the divorce progressed, however, the relationship between Mr. Fisher and his ex-wife being increasingly hostile. In an effort to obtain full custody of the girls, his ex-wife began making allegations that he should not be allowed to visit with the children. These accusations led to expensive, protracted hearings which left Mr. Fisher both emotionally and financially drained. Adding further stress to his predicament, Mr. Fisher was terminated from his well-paying job at Boeing in November of 2016. Given the high cost of the divorce attorney fees and now without a steady income, in early 2017 Mr. Fisher's home went into foreclosure and he moved in with his mother. At this juncture, Mr. Fisher felt he had lost everything that he had

DEFENDANT'S SENTENCING
MEMORANDUM - 2
(*Steven Fisher;* CR 17-282JLR)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

worked so hard for in his life – his family, his home, his career and ultimately his pride and dignity.

Mr. Fisher fell into a deep depression but, having never experienced depression before, he did not fully realize what was happening and thus his mental state continued to deteriorate. At that time, he felt that the walls were closing in on him and that he had few options going forward in life. He stopped caring for himself, and at one point was even suicidal, although he never acted upon those thoughts. It was from this impaired perspective that Mr. Fisher lost his moral bearing and committed the acts which bring him before the Court.

Even after obtaining the money from Red Sea Financial, Mr. Fisher was unable to make any real progress on his spiraling debt. In his depressed state, Mr. Fisher had started going regularly to casinos in hopes of winning the money he needed but, given that the casinos always win, he proceeded to lose any financial gains he made.

Looking back, Mr. Fisher does not recognize the person that engaged in that desperate behavior. He is deeply ashamed and especially feels regret for any emotional harm he may have caused to the employees of Red Sea and Dahabshil.

Mr. Fisher's arrest, in August of 2017, ironically became a turning point in his mental health. Being arrested forced Mr. Fisher to confront his behavior, and begin the mental shift necessary to start moving his life back in a positive direction. Now that he has been in custody for well over a year, Mr. Fisher has had time to process where he went wrong, and he is now focused on creating a life he is proud of. Fortunately, Mr. Fisher is intelligent, has a strong work ethic and work history, and a family that remains solidly supportive of him. His mother and step-father are prepared to house him upon his release from custody until he can get back on his feet, and his brother has offered

DEFENDANT'S SENTENCING MEMORANDUM - 3
(*Steven Fisher;* CR 17-282JLR)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

employment at a car lot in Everett.  Prior to his arrest, Mr. Fisher was pursuing opening his own drone business, AccuDrone, and he eventually hopes to fulfill this dream.  Ex. 5.  Perhaps most importantly, Mr. Fisher's daughters provide the incentive for Mr. Fisher to establish a stable life where he can be a close and caring father to them once again.

Meanwhile, Mr. Fisher has tried to make the best use of his time in custody.  He has taken parenting classes, taught English to Spanish-speaking inmates, taught a fitness class and works as an orderly in the kitchen.  Earlier this year, Mr. Fisher was instrumental in saving the life of his cellmate who was suicidal, by timely notifying authorities.   Once designated, he hopes to participate in any available parenting classes and counseling.

## II. OBJECTIONS TO THE PRESENTENCE REPORT (PSR)

Mr. Fisher objects to the 2-level increase for a loss amount exceeding $95,000.  PSR ¶ 25.  Mr. Fisher believes the loss amount is more in the range of $65,000, based on his count of the money after leaving Red Sea Financial, which would garner a one-level increase to the offense level.  *See* U.S.S.G. § 2B3.1(b)(7)(B).  He believes that some of the money Mr. Kifle attributes to being in the safe may have been in other parts of the store, but, in any event, did not end up with Mr. Fisher.  With only a one-level increase, the advisory guideline range becomes 57 to 71 months.

## III. SENTENCING RECOMMENDATION

A sentencing court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  *See* 18 U.S.C. § 3553(a)(2).  In this case, a 36-month custodial sentence followed by 3 years of

DEFENDANT'S SENTENCING
MEMORANDUM    - 4
(*Steven Fisher;* CR 17-282JLR)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

supervision with a substantial restitution obligation provides ample punishment to meet the statutory goals of sentencing.

### A. *The Advisory Guideline Range*

Regardless of whether the Court follows the guideline calculations offered in the PSR or by the defense, as recognized by the United States Probation Office, the advisory range in this case is greater than necessary. Instead, a 36-month sentence provides more than sufficient punishment. Given Mr. Fisher's lack of prior criminal history and his deep depression at the time of the offense, the goals of sentencing are best served with a sentence that returns Mr. Fisher to the community within a reasonable time so that he can re-establish contact with his daughters, receive counseling and begin making payments towards his restitution obligations.

### B. *The Nature and Circumstances of the Offense*

The statement of facts in the Plea Agreement sets forth the offense conduct. As stated in his letter to the Court, Mr. Fisher is deeply ashamed of what he has done, and acutely aware of the emotional impact his actions have had on the employees of Red Sea Financial and Dahabshil. Although he cannot undo what he has done, Mr. Fisher is committed to paying restitution as the best means available to demonstrate his sincere apology.

### C. *Mr. Fisher's History and Characteristics*

The conduct at issue in this offense was completely out of character for Mr. Fisher, as demonstrated by his complete lack of prior criminal history. Throughout his life, Mr. Fisher has been a law-abiding member of society who has focused on working hard and caring for his family. Perhaps because his own father was absent and unloving, Mr. Fisher has adored being a parent to his two daughters and takes this role very seriously. The drawn out and contentious divorce taxed Mr. Fisher, and when he was denied regular access to his daughters, he began to unravel. Without

DEFENDANT'S SENTENCING MEMORANDUM - 5
(*Steven Fisher;* CR 17-282JLR)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

a home, a job or his children, he was lost.

To be clear, Mr. Fisher takes full responsibility for his actions and is deeply remorseful for his conduct. Ex. A. He recognizes the profound impact his conduct had on the individuals at Red Sea and is committed to correcting his mistakes. Importantly, he has taken the time in custody to date to reflect on his actions. He has discussed his situation and desperation at length with his mother and created a positive plan for himself upon release. He possesses the mindset, job skills, intelligence and family support to make his goals a reality.

### D. *Protection of the Public*

The sentence proposed by the defense adequately protects the public from any further misconduct by Mr. Fisher. 18 U.S.C. § 3553(a)(2)(C). Despite a series of poor choices during the offense conduct, Mr. Fisher poses little risk of re-offending. He has emerged from his depression and his desire to re-connect with his daughters and remedy the harm he has caused will remain his focus as he moves forward. Moreover, Mr. Fisher's status as a convicted felon, which will prevent him from owning any firearms, coupled with the strict conditions of supervision, will ensure acts that brought him before the Court are never repeated.

### E. *Respect for the Law and Just Punishment*

The sentence proposed by the defense includes a significant custodial sentence, especially given that Mr. Fisher had never before been to jail, much less federal prison prior to this case. But the consequences of this sentence run deeper. Mr. Fisher will emerge from this case as a convicted felon and facing a significant financial debt that will no doubt take many years to repay. Mr. Fisher's status as a felon and his monthly restitution payments will serve as a further punishment and a constant reminder of his misconduct. Under these circumstances, additional incarceration is not necessary to promote respect for the law or to exact just punishment. 18 U.S.C. § 3553(a)(2)(B).

DEFENDANT'S SENTENCING MEMORANDUM - 6
(*Steven Fisher;* CR 17-282JLR)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

### F. *Needed Vocational Training, Medical Care or Correctional Treatment*

A 36-month sentence is sufficient to provide Mr. Fisher with any necessary correctional training or treatment. *See* 18 U.S.C. § 3553(a)(2)(D). Mr. Fisher has no issues with drugs or alcohol that need to be addressed through custodial substance abuse treatment, and his prior work history established that he does not require job training. Indeed, Mr. Fisher has used his time in custody thus far to help others, such as teaching English and an exercise class. Moreover, although Mr. Fisher may benefit from some form of psychological counseling, because individualized counseling is generally not provided in BOP custody, but rather is offered as a component of supervised release, this factor likewise supports the sentence recommended by the defense.

### G. *The Need to Provide Restitution*

Finally, the need to provide restitution strongly supports the defense recommendation. *See* 18 U.S.C. § 3553(a)(7). Courts have recognized that the "goal of obtaining restitution for the victims of [an] offense . . . is better served by a non-incarcerated and employed defendant." *United States v. Menyweather*, 447 F.3d 625, 634 (9th Cir. 2006). Mr. Fisher has worked hard throughout his life and is anxious to return to the work force to begin a new career so that he can begin to pay his restitution obligation and make amends to those he has harmed, as well as contribute to the support of his children.

## IV. CONCLUSION

In sum, the proposed sentence not only takes into account the circumstances of the offense and the defendant's unique personal history, but also provides the opportunity for timely payment of restitution. *See* 18 U.S.C. § 3553(a). For these reasons, Mr. Fisher respectfully requests the Court impose 36 months imprisonment, followed by 3 years of supervised release. Mr. Fisher also requests a judicial

DEFENDANT'S SENTENCING
MEMORANDUM - 7
(*Steven Fisher;* CR 17-282JLR)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

recommendation for placement at FDC SeaTac so that he may maintain contact with his mother, and other family members. In the alternative, he would request placement at Terminal Island.

DATED this 26th day of November, 2017.

Respectfully submitted,

s/ *Nancy Tenney*
s/ *Sara Brin*
Assistant Federal Public Defenders
Attorneys for Steven Fisher
Office of the Federal Public Defender

DEFENDANT'S SENTENCING
MEMORANDUM  - 8
(*Steven Fisher;* CR 17-282JLR)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of filing to all parties registered with the CM/ECF system.

s/ *Charlotte Ponikvar*
Paralegal
Office of the Federal Public Defender

DEFENDANT'S SENTENCING
MEMORANDUM   - 9
(*Steven Fisher;* CR 17-282JLR)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**