UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>   v.<br><br>STEVEN W. FISHER,<br><br>                     Defendant. | CASE NO. CR17-0282JLR<br><br>ORDER |

Before the court is Defendant Steven W. Fisher's motion for early termination of supervised release. (Mot. (Dkt. # 70).) Plaintiff the United States of America (the "Government") opposes his motion. (Resp. (Dkt. # 71).) United States Probation and Pretrial Services ("Probation") also opposes the motion. (Probation Resp. (Dkt. # 72) (sealed).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Fisher's motion for early termination of supervised release.

ORDER - 1

1    On December 3, 2018, Mr. Fisher pleaded guilty to one count of robbery, one count of attempted robbery, and five counts of false impersonation of a federal officer. (Judgment (Dkt. # 53) at 1.)  The court sentenced Mr. Fisher to 60 months imprisonment followed by three years of supervised release and restitution in the amount of $125,000. (*Id*. at 2-3.)  Mr. Fisher's period of supervised release began on November 19, 2021 and is set to expire on November 18, 2024.  (Mot. at 1; Resp. at 5.)  To date, Mr. Fisher has not violated the terms of his release and has made monthly payments toward the restitution he owes.  (Mot. at 2.)  Mr. Fisher has generally performed well on supervised release, maintaining employment, getting involved in his daughters' lives, and entering a healthy relationship.  (*Id*.)  Mr. Fisher has also voluntarily sought mental health counseling.  (*Id*.)

    Mr. Fisher argues that termination of supervised release is warranted because "he has demonstrated rehabilitation and has little risk of re-offending." (*Id*. at 3.)  The Government opposes the motion because Mr. Fisher's underlying offense conduct was "violent and deceptive [in] nature," he still owes $115,575 in restitution, and he has completed just over one-third of his term of supervision.  (Resp. at 1.)  Probation also opposes Mr. Fisher's release due to the nature of his criminal offenses and length of time on supervised release, but notes that he has adjusted well to life after custody.  (Probation Resp. at 2.)  Probation points to Mr. Fisher's employment, monthly restitution payments, involvement in his daughters' lives, therapy attendance, and relationship as positive factors in his life.  (*Id.*)

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervision . . . at any time after the expiration of one year of supervised release" if such action is warranted by the defendant's conduct and in the interests of justice. *See* 18 U.S.C. § 3583(e)(1). The crimes to which Mr. Fisher pleaded guilty were very serious, as reflected by the length of his sentence and amount of restitution he owes.

The court is pleased to see Mr. Fisher's progress toward building a healthy, stable life and his consistent progress toward paying off his restitution. However, the court would like to see Mr. Fisher demonstrate that success over a substantially longer period before it will consider early termination of his release. Accordingly, Mr. Fisher's motion is DENIED without prejudice. Mr. Fisher may move for early termination again on or after November 19, 2023, if he is able to demonstrate continued success in maintaining his employment, paying restitution, and complying with the other terms of his supervised release.

Dated this 25th day of January, 2023.

JAMES L. ROBART
United States District Judge